Albert Lorenz and Arthur Lorenz, trading as Lorenz Brothers, Plaintiffs in Error, v. Harry Bloom et al., trading as Nidetz & Schnitzer, and Bernhard W. Berger, Defendants in Error.

## Gen. No. 20,644.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded with directions. Opinion filed October 6, 1915.

## Statement of the Case.

Action by Albert Lorenz and Arthur Lorenz, co-partners, trading as Lorenz Brothers, against Harry Bloom, M. Nidetz and L. Schnitzer, copartners, trading as Nidetz & Schnitzer, and Bernhard W. Berger, under the Mechanic's Lien Act of 1903 (J. & A. ¶ 7139 et seq.), to recover $435, with interest thereon from May 17, 1913, alleged to be due to the plaintiffs from the defendants for labor and material furnished by the plaintiffs as subcontractors. The case was tried before the court without a jury, the issues were found against the plaintiffs, and judgment was entered on the finding. This writ of error followed.

D. E. McCRACKEN, for plaintiffs in error; J. H. PERKINSON, of counsel.

LOUIS F. JACOBSON, for defendants in error.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 147*—*when proceedings to enforce are premature.* A suit to enforce a sub-contractor's lien brought six days after service of notice of lien on the owner of the premises is premature and should be dismissed without prejudice.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. MECHANICS' LIENS, § 147*—*what is effect of premature suit.* The fact that a suit to enforce a mechanic's lien is prematurely brought does not destroy the lien of the plaintiffs.

---

## City of Chicago, Defendant in Error, v. William Gall, Plaintiff in Error.

## Gen. No. 20,671.

1. LICENSES, § 10*—*what is effect of license under ordinance licensing vehicles.* Section 2597 of the Chicago Code of 1911, requiring licensed vehicles to have a card stating the name of the owner and number of the license, and also the rates of fare and regulations as to baggage, applies only to persons who not only take out a license under article II, but who thereafter engage in the business covered by the license.

2. LICENSES, § 1*—*what is license.* A license is a permission or privilege granted by the State, directly or indirectly through the medium of a municipality, to perform certain acts or to carry on a certain business which, if done without such license, would be illegal.

3. LICENSES, § 1*—*what is nature of license.* A license of an automobile for carrying persons for hire does not create any contract between the city and the licensee, and the acceptance of the same does not impose any obligation upon the licensee to follow the business covered by the license.

4. MUNICIPAL CORPORATIONS, § 864*—*when presumption does not arise in suit for violation of ordinance licensing vehicles.* In a prosecution for failing to display a rate card, where the defendant is licensed to operate automobiles for hire, there is no presumption of law that the defendant actually engaged in the business covered by the license from the mere fact that he had taken out such license.

5. MUNICIPAL CORPORATIONS, § 860*—*what is nature of suit for violation of ordinance.* An action against a person licensed to operate automobiles for hire, for the failure to display a rate card is penal in its nature, though a civil suit, and the city is bound to prove clearly that the defendant has violated the ordinance in question.

6. MUNICIPAL CORPORATIONS, § 864*—*what evidence is competent in suit for violating ordinance.* In a prosecution of a person licensed to operate automobiles for hire, because of the violation of a regulation requiring rate cards to be posted, evidence that the defendant was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.